FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 28 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAMELA ECKHAUS, individually and
on behalf of all others similarly situated,

    Plaintiff,

-vs-

NATURE's PILLOWS, INC., BILL McALLISTER
BRAD SPECTER and STEVE SILBIGER,

    Defendants.

06 CV 00985

Judge Block

Magistrate Matsumoto

## ~~AMENDED~~ FINAL APPROVAL ORDER

**IT IS HEREBY ORDERED:**

1. On March 14, 2008 this Court preliminarily approved the Class Settlement Agreement ("Agreement") reached between Pamela Eckhaus ("Plaintiff") and the class of persons as defined in the Agreement ("Class"); and Defendants Nature's Pillows, Inc., Bill McAllister, Brad Specter, and Steve Silbiger ("Defendants").

2. The notice given to the members of the class—publication in the USA Today Weekend Edition on April 11 and 18, 2008—was reasonably calculated under the circumstances to apprise them of the pendency of this action, all material elements of the proposed settlement, their opportunity to exclude themselves from, to object to, or to comment on the settlement and to appear at the settlement hearing. The notice was reasonable and the best notice practicable under the circumstances; was due, adequate and sufficient notice to all class members; and complied fully with the laws of the United States and the Federal Rules of Civil Procedure, due process and any other applicable rules of court. A full opportunity has been afforded to the members of the class to participate in the hearing, and all members of the class and other persons wishing to be

heard have been heard. Accordingly, the Court determines that all members of the class who have not excluded themselves from this litigation, are bound by this Judgment, Final Order and Decree.

3.     On June 23, 2008, the Court held a fairness hearing to which Class members, including any objectors, were invited. The Court, being fully advised in the premises, hereby orders:

4.     The Court finds that the Class is appropriate under FED. R. CIV. P. 23.

5.     The Court finds that the provisions for notice to the class satisfy the requirements of FED. R. CIV. P. 23 and due process.

6.     The Court finds that Defendant has complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7.     This Court hereby grants final approval to the Settlement Agreement and Amendment thereto and finds that it is fair, reasonable and adequate, and in the best interests of the class. The Settlement Agreement and A     dment thereto is the product of arm's–length, serious, informed and non-collusive negotiations between Class Counsel and Defendants.

8.     The Court finds that the Settlement Agreement and amen ment thereto is fair and reasonable, and hereby approves the **CLASS SETTLEMENT AGREEMENT** and the **FIRST AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE** submitted by the parties. The Court approves payment by Defendants of $2,000 to Plaintiff Pamela Eckhaus as an incentive award for her services as Class representative. The Court further approves payment by Defendants of $298,000 to Class Counsel for attorney's fees and costs. The Court finds the attorneys fees and costs reasonable in light

of the attorney time and out-of-pocket costs incurred by Class Counsel. Defendants shall transmit to DiTommaso & Lubin within fourteen (14) days of the Effective Date as defined in the Settlement Agreement: (1) a check in the amount of $298,000 made out ~~to~~ *jointly to Vincent L. DiTommaso, Peter S. Lubin & Brian C. Witherj* ~~DiTommaso & Lubin, which DiTommaso & Lubin will distribute among Class Counsel;~~ and (2) a check in the amount of $2000 made out to Pamela Eckhaus, which DiTommaso & Lubin will transmit to Mrs. Eckhaus.

9. **Release of UrineGone™ Claims**: Plaintiff and each member of the Settlement Class, their spouses and former spouses, as well as the present, former, and future respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of Plaintiff and each Settlement Class member, pursuant to the Settlement Agreement and Amendment thereto approved by this final order, have discharged Defendants, as well as all of their present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest; and all of the aforementioneds' respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, vendors, couriers, independent contractors, and assigns, from any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that, as of the date that this Order is entered: (1) arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the case captioned *Eckhaus v.*

*Nature's Pillows, et al.*, Case No. 06-CV-985, currently pending in the United States District Court for the Eastern District Court of New York before the Honorable Fredrick Block ("the UrineGone™ Litigation"); (2) are, were, or could have arisen out of or been related in any way to the UrineGone™ Litigation.

10. Nothing contained in the release agreed to by the parties and set forth in Paragraph 9 herein shall be construed to prevent or impede Settlement Class members, including the Class Representative, from (1) individually seeking product refunds for Urine Gone kits purchased from defendant Nature's Pillows, Inc.; or (2) individually bringing tort claims for property damage or personal injury arising from UrineGone™ products.

11. Plaintiff and each member of the Settling Class is hereby fully and finally enjoined from prosecuting all claims released by the release agreed to in the Settlement Agreement and Amendment thereto, as set forth in Paragraph 9 herein.

12. As provided for in the Settlement Agreement, Defendants have agreed to change the original television advertising spots for Urine Gone™, whether broadcast via television, radio, internet, print, or other means.

13. The claims of Plaintiff and the class set forth in the Second Amended Complaint are dismissed with prejudice pursuant to the parties' settlement.

DATE: August 23, 2008
8/27/08

Entered:

s/Frederic Block, Sr. USDJ

Honorable Frederic Block
United States District Judge